PER CURIAM:
Claimant brought this action for damage done to his 1986 Honda Accord which occurred when his vehicle struck a hole on State Route 62 just west of Clifton, Mason County. This portion of State Route 62 is maintained by the respondent in Mason County. The Court is of the opinion to deny the claim for the reasons stated more fully below.
The incident giving rise to this claim occurred on September 17, 1999, at approximately 5:40 p.m. The claimant was traveling home from work. He testified that it was a fair, overcast day and the roads were dry. He was traveling the speed limit which he recalled as being either 40 or 45 miles per hour. At this location, State Route 62 is a blacktop two-lane highway. It is 21 feet wide and each lane is 10.5 feet wide. Claimant testified that as he was traveling around a right hand curve in the road, his vehicle struck a hole. Both passenger side tires were destroyed and the rims were bent. It is claimant’s position that the respondent was negligent in its maintenance of State Route 62.
Claimant testified thatthe hole was located on the outside edge of the blacktop and extended in toward the traveling portion of State Route 62. He indicated that the hole had taken out a portion of the outer white line as well. Claimant also testified that he did not see the hole before he struck it and that he could not have avoided it due to oncoming traffic.
Respondent maintains that it did not have notice of a hole in this portion of Route 62 and therefore was not negligent in this claim. Hamilton Ross Roush testified that he is the assistant supervisor for the respondent in Mason County. One of his *15 responsibilities is to supervise highway maintenance in Mason County. He testified that he is familiar and responsible for this portion of State Route 62. Mr. Roush testified that there was no notice of any hole in this portion of State Route 62 before this incident occurred. He testified that the Mason County Sheriff’s Department did notify the 911 dispatcher, who then notified the respondent’s crew leader that was on call on the evening of September 17, 1999, that there was a hole near Clifton that a number of vehicles had struck. The respondent produced aDOH-12 at the hearing which indicated that Greg Forbes, foreman for respondent in Mason County, responded to this call late on the evening of September 17, 1999. Mr. Roush testified that respondent did not receive notice of the hole which claimant’s vehicle had struck until well after the incident.
This Court has consistently followed the principle that the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be held liable for damage caused by a road defect, it must have had either actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986). The evidence adduced at this hearing established that respondent did not have notice of this hole that caused damage to claimant’s vehicle until after the incident. Therefore, Mr. Robertson has not established by a preponderance of the evidence that respondent was negligent in its maintenance of State Route 62. Accordingly, it is the opinion of the Court to deny this claim.
Claim disallowed.